UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CONSTELLATION BRANDS, INC.,

                Plaintiff             DECISION AND ORDER

-vs-

                                               02-CV-6498 CJS

ARBOR HILL ASSOCIATES, INC.,

                Defendant

_____

ARBOR HILL ASSOCIATES, INC., et al.,

                Third-Party Plaintiffs

-vs-

NIXON PEABODY LLP, f/k/a NIXON
HARGRAVE DEVANS & DOYLE LLP,

                Third-Party Defendant

_____

NIXON PEABODY LLP, f/k/a NIXON
HARGRAVE DEVANS & DOYLE LLP,

                Fourth-Party Plaintiff

-vs-

HARTER, SECREST & EMERY LLP, BRIAN
SHAW, and STEPHEN B. SALAI,

                Fourth-Party Defendants.

_____

APPEARANCES

For plaintiff Constellation
Brands, Inc.:                           Allen J. Baden, Esq.
                                               Susan A. Smith, Esq.
                                               Kenyon & Kenyon

1

|  |  |
|---|---|
|  | One Broadway<br>New York, New York 10004-1050 |
|  | Paul V. Nunes, Esq.<br>Underberg & Kessler LLP<br>300 Bausch & Lomb Place<br>Rochester, New York 14604 |
| For defendant Arbor Hill Associates, Inc. and third-party plaintiffs Arbor Hill Associates, Inc., John H. Brahm, and Katharine Brahm: | A. Paul Britton, Esq.<br>Kenneth Payment, Esq.<br>Harter, Secrest and Emery, LLP<br>1600 Bausch & Lomb Place<br>Rochester, New York 14604-2711 |

## INTRODUCTION

This is an action between two wine producers involving, *inter alia*, claims of trademark infringement. On February 26, 2008, the Court issued a Decision and Order [#143] which, *inter alia*, denied a motion for summary judgment [#117] by plaintiff Constellation Brands, Inc. ("Constellation"). Now before the Court is a motion [#145] by Constellation seeking reconsideration of that Decision and Order. For the reasons that follow, the application is denied.

## BACKGROUND

The facts of this action were set forth in detail in the Court's prior Decision and Order [#143] and need not be repeated here. It is sufficient to note that Constellation had sought summary judgment on its first cause of action, which seeks a declaratory judgment that the Arbor Mist mark does not infringe the Arbor Hill mark. The Court denied that motion, after applying the balancing test required by *Polaroid Corp. v. Polarad Elec. Corp.*,

287 F.2d 492, 495 (2d Cir.), *cert. denied*, 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961). The *Polaroid* test requires a court to weigh factors including

> 1) the strength of the plaintiff's mark; 2) the similarity of plaintiff's and defendant's marks; 3) the competitive proximity of the products; 4) the likelihood that plaintiff will "bridge the gap" and offer a product like defendant's; 5) actual confusion between products; 6) good faith on the defendant's part; 7) the quality of defendant's product; and 8) the sophistication of buyers.

*Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1077 (2d Cir. 1993). In denying Constellation's summary judgment motion, the Court found, *inter alia*, with regard to the second *Polaroid* factor above, that Constellation's and AHA's respective trademarks created "very different impressions," which made that factor weigh heavily in Constellation's favor. However, the Court further found, *inter alia*, with regard to the fifth *Polaroid* factor above, that there were triable issues of fact as to actual consumer confusion. In that regard, AHA produced evidence of numerous instances of actual consumer confusion, which the Court summarized as follows:

> AHA indicates that numerous customers at the Arbor Hill Grapery have assumed that AHA produced Arbor Mist. (Brahm Affidavit in Opposition to Summary Judgment ¶ 32). AHA also indicates that it received "a number of phone calls, emails, and letters from confused consumers." (*Id*. at ¶ 36). AHA states that, as a result of these incidents, it created a "form" which it asked customers to fill out when it "found that they were confused as to who was making Arbor Mist," and that "[n]early 30 such confused customers signed such forms." (*Id*.). From the documentation that AHA has submitted, it appears that of the total instances of alleged confusion, four were inquiries by individuals wondering if Arbor Hill produced Arbor Mist, one of the instances involved a mistake by a telephone operator, six of the instances involved people who actually bought Arbor Mist products and thought that [they were] produced by Arbor Hill, and 36 of the instances involved people who assumed that they could buy Arbor Mist at the Arbor Hill Grapery. (*Id*., Exhibits W-Y, Exhibits JJ-YY). Additionally, AHA has identified two instances in which local publications, The Finger Lakes Business Almanac and the Rochester Democrat and Chronicle, mistakenly referred to Arbor Mist as Arbor Hill. (*Id*. at ¶ ¶ 38-39).

\*\*\*

> AHA has also submitted an affidavit from a former employee, Loana J. Shields ("Shields"), who states that during her six years of employment at the Arbor Hill Grapery, beginning in 1999, "at least fifteen to twenty people per week visited the store looking to purchase Arbor Mist products," and that she "received complaints from customers who were dissatisfied with Arbor Mist products and believed that Arbor Hill produced Arbor Mist due to the similarity between the two products names." (*Id.*, Exhibit II).

(Decision and Order [#143] at 14-15) (footnote omitted). After balancing all of the *Polaroid* factors, the Court concluded that based on AHA's evidence of actual confusion, there were triable issues of fact as to actual confusion, which precluded summary judgment.

On March 11, 2008, Constellation filed a motion [#145] for reconsideration, challenging a single aspect of the Court's Decision and Order, namely, its decision to deny summary judgment on Constellation's first cause of action, based on its balancing of the *Polaroid* factors, and more specifically, its finding that there are triable issues of fact concerning actual consumer confusion. In support of the application, Constellation first contends that the Court should have granted summary judgment based solely on the dissimilarity of the trademarks. (Reconsideration Motion [#145] at 2). Additionally, Constellation maintains that the Court erred in denying summary judgment, since AHA's evidence of actual confusion is either inadmissible or *de minimis*. Constellation indicates, in that regard, that AHA's evidence of actual consumer confusion, discussed above, is hearsay. Alternatively, Constellation argues that AHA's evidence of actual confusion is insufficient to show actual consumer confusion as a matter of law, and that the Court should find that the fifth *Polaroid* factor favors Constellation. Then, Constellation contends, the Court should re-balance the *Polaroid* factors in this case and grant summary judgment to Constellation.

4

ANALYSIS

Although Constellation does not cite a particular procedural mechanism in support of its application, motions for reconsideration are generally analyzed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  It is well settled that when making such a motion,

> the moving party must show that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion. *Nakano v. Jamie Sadock, Inc.*, No. 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000); *Walsh v. McGee*, 918 F.Supp. 107, 110 (S.D.N.Y.1996). However, in addition, "[a] court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *See Nnebe v. Daus*, No. 06 Civ. 4991, 2006 WL 2309588, at *1 (S.D.N.Y. Aug. 7, 2006). New evidence, for these purposes, must be evidence that "could not have been found by due diligence." *Word v. Croce*, No. 01 Civ. 9614, 2004 WL 434038, at *4 (S.D.N.Y. March 9, 2004).
>
> These rules are "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *See Walsh*, 918 F.Supp. at 110. Strict application of these rules also "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." *Polar Int'l Brokerage Corp. v. Reeve*, 120 F.Supp.2d 267, 268-69 (S.D.N.Y. 2000). The moving party may not use a motion for reconsideration to advance new facts, arguments, or theories that were available but not previously presented to the Court. *See Graham v. Sullivan*, No. 86 Civ. 163, 2002 WL 31175181, at *2 (S.D.N.Y. Sept. 23, 2002); *Leonard v. Lowe's Home Ctrs., Inc.*, No. 00 Civ. 9585, at *2 (S.D.N.Y. April 12, 2002).

*U.S. v. Billini*, No. 99 CR. 156(JGK), 2006 WL 3457834 at *1 (S.D.N.Y. Nov. 22, 2006). A district court's decision to deny a motion under Rule 59(e) is reviewed on appeal for abuse of discretion. *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

In this case, Constellation does not base its motion on newly-discovered evidence or an intervening change in the law.  Accordingly, the issue is whether the Court overlooked the controlling decisions or factual matters that were put before it in the

underlying motion, or otherwise committed a clear error of law.

Constellation first argues that the Court should have granted summary judgment based on the dissimilarity of the two trademarks. (Motion for Reconsideration [#145] at 2 ("[T]he dissimilarity of the marks could sustain Constellation's Motion, without more.")). In that regard, Constellation cites *Playtex Prods., Inc. v. Georgia-Pacific Corp.*, 390 F.3d 158, 166-67 (2d Cir. 2004). (*Id.*). However, at the outset, the Court finds that Constellation's reliance on this theory in a motion for reconsideration is improper, since it did not make the argument in support of its summary judgment motion. Instead, Constellation merely argued that the dissimilarity of the marks was a factor that favored granting summary judgment. (*See*, Constellation Memo of Law [#117-1] at 18 ("[T]he similarity of the marks factor tips toward Constellation."); Constellation Reply Memo of Law [#135-1] at 9 ("Given the many differences in the Arbor Mist and Arbor Hill labels and bottle designs . . . this factor should be accorded to Constellation.")). Accordingly, the argument is barred. In any event, the *Playtex* case is factually inapposite to this case, since in that matter, although there was proof as to the dissimilarity of the marks, there was no evidence of actual confusion. *Playtex Prods., Inc. v. Georgia-Pacific Corp.*, 390 F.3d at 166. In that regard, the Court is not aware of any case in which summary judgment was granted based on the similarity-of-the-marks factor, where there was evidence of actual confusion.

Constellation next argues that AHA's evidence of actual confusion is inadmissible hearsay. However, Constellation also failed to make that specific argument in support of its summary judgment motion, and instead, merely argued that AHA's evidence lacked probative value generally, since it "did not provide any information about the nature of the

alleged confusion." (*See*, Constellation Memo of Law [#117-1] at 20; Constellation Reply Memo of Law [#135-1] at 10). In fact, the only objection to the admissibility of evidence raised by Constellation on the motion below concerned AHA's pilot survey, and the Court agreed that the survey was inadmissible. Since Constellation cannot use a motion for reconsideration to raise new legal theories, its arguments regarding the admissibility of AHA's evidence of actual confusion are barred. Even assuming, *arguendo*, that Constellation could raise such an argument, the Court finds that the argument lacks merit, since it is settled law in this circuit that "confusion logs" are admissible to show consumer confusion. *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 1003-1004 (2d Cir. 1997); *see also, Cache, Inc. v. M.Z. Berger & Co.*, No. 99 CIV. 12320(JGK), 2001 WL 38283 at *9 (S.D.N.Y. Jan. 16, 2001) ("The defendants argue that the evidence regarding instances of people attempting to return Berger's watches to the plaintiff is inadmissible hearsay because the plaintiff's employees, and not the actual person returning the watch, anecdotally describe the alleged incidents of actual confusion. These statements, however, may be received into evidence to show the declarant's state of mind.") (*citing* Fed.R.Evid. 803(3) and *Fun-Damental Too Ltd. V. Gemmy Indus. Corp.*); 4 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 23:15 (4th ed.) ("The Second Circuit flatly stated that 'there is no hearsay problem' because the testimony is not offered to prove the truth of the customer's assertion that there is a connection or affiliation between the parties, but only to prove the confused state of mind of the customer.") (*citing Fun-Damental Too, Ltd. v. Gemmy Industries Corp.*).[1]

---

[1] Constellation does not cite the *Fun-Damental Too, Ltd. v. Gemmy Industries Corp.* case, but instead, relies on *ABB Indus. Sys., Inc. v. Prime Tech, Inc.*, 120 F.3d 351, 357 (2d Cir. 1997),

Finally, Constellation's argument that the evidence proffered by AHA either fails to show actual confusion or is *de minimis* also lacks merit.  As the Court explained in its prior Decision and Order, AHA's evidence could support a finding of consumer confusion. (Decision and Order [#143] at 36-37).  Moreover, as for the alleged *de minimis* nature of the evidence, the Shields affidavit alone describes over six thousand instances of consumer confusion.[2]  The Court is not aware of any case which has found such a number of instances of confusion to be *de minimis*.

## CONCLUSION

For all of the foregoing reasons, Constellation's motion for reconsideration [#145] is denied.

Dated:   Rochester, New York
         March 14, 2008

                              ENTER:


                               /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge

---

which did not involve trademark infringement or consumer confusion.

[2] Salai Declaration in Opposition to Constellation Summary Judgment Motion, Exhibit II.